*supra*, at 593; *Niles v Shue Roofing Co.*, *supra*, at 786; *cf.*, *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *supra*; *Adams v Owens-Corning Fiberglass Corp.*, 260 AD2d 877; *Stark v Eastman Kodak Co.*, 256 AD2d 1134). Accordingly, Supreme Court correctly awarded plaintiffs partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim.

Finally, it has been established that construction work within the meaning of Labor Law § 241 (6) includes the alteration of a building in which plaintiff was engaged (*see, Joblon v Solow*, 91 NY2d 457, 466, *supra*; 12 NYCRR 23-1.4 [b] [13]). Accordingly, Supreme Court properly denied defendant's cross motion seeking dismissal of plaintiffs' claim premised upon this statute.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that order is affirmed, with costs.

(April 27, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. STARKER, Appellant. [714 NYS2d 696] —Graffeo, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 27, 1998, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

In satisfaction of a superior court information, defendant pleaded guilty to the crime of arson in the third degree, waived his right to appeal and was sentenced to a prison term of 4 to 12 years. Defendant appeals, contending that the sentence imposed was harsh and excessive. Inasmuch as defendant knowingly, intelligently and voluntarily waived his right to appeal, defendant's challenge to the severity of his sentence is not preserved for our review (*see, People v Hidalgo*, 91 NY2d 733; *People v Johns*, 267 AD2d 718). In any event, were we to consider the argument, we would find it to be unpersuasive. Given the serious nature of the crime and defendant's criminal history, we would find that the agreed-upon sentence was not harsh and excessive and that there are no extraordinary circumstances warranting a modification thereof in the interest of justice (*see, People v Cooper*, 267 AD2d 491; *People v Paulin*, 265 AD2d 737).

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. NEWELL, Appellant. [708 NYS2d 483] —Carpinello, J.