Cardona, P. J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER M. STAKOWSKI, JR., Appellant. [714 NYS2d 609] —Car-

dona, P. J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered February 2, 1998, (1) convicting defendant upon his plea of guilty of the crime of driving while intoxicated and violation of probation, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

On November 3, 1997, defendant waived indictment and consented to be prosecuted by a superior court information charging him with driving while intoxicated (counts one and two), aggravated unlicensed operation of a motor vehicle in the first degree (count three) and failing to keep right (count four), all alleged to have occurred on June 7, 1997. The first three counts were charged as felonies and the fourth as a traffic infraction. At that time, defendant was serving three sentences of five years' probation.* Thereafter, on December 18, 1997, the Delaware County Probation Department filed a petition seeking to revoke defendant's three probationary sentences stemming from alleged violations occurring in Pennsylvania on November 8, 1997.

On January 20, 1998, defendant appeared in County Court and entered a guilty plea to the first count of the superior court information charging operation of a motor vehicle while intoxicated, a class E felony, in full satisfaction of the charges and waived his right to appeal. Defendant also admitted to violating his sentences of probation. On February 2, 1998, defendant was sentenced to four indeterminate prison terms of one to three years, to be served concurrently, upon his conviction of operating a motor vehicle while intoxicated and his admission to the violation petition, all in accordance with his pre-plea agreement. Defendant appeals.

It is settled law that "[a] waiver of the right to appeal is enforceable as long as [it is] on the record and is voluntary, knowing and intelligent * * * and does not implicate those categories of claims that survive appeal waivers under our case law" (*People v Hidalgo*, 91 NY2d 733, 735 [citation omitted]). Here, the record discloses that defendant appeared in court represented by his attorney and was present during the prosecutor's recitation of the proposed plea bargain which provided for a

---

* The first sentence was imposed on August 2, 1993 in Broome County as a result of defendant's conviction for driving while intoxicated; a second was imposed on February 14, 1994 in Delaware County as a result of his conviction for driving while intoxicated; and the third was imposed on April 7, 1994 in Broome County as a result of his conviction for aggravated unlicensed operation of a motor vehicle in the first degree. Defendant's probations in Broome County were subsequently transferred to Delaware County on May 12, 1994.

guilty plea to the first count of the superior court information, admission to violations of his probationary sentences, negotiated sentences of 1 to 3 years' imprisonment on the conviction and the violations to run concurrently, and a waiver of the right to appeal. Defendant's attorney confirmed the plea bargain on the record. County Court inquired of defendant whether he understood what was happening and defendant answered in the affirmative. The court explained the rights defendant was waiving and conducted an inquiry to insure that he understood the ramifications of his guilty plea and the waiver of appeal. Defendant stated that he understood the right to appeal and had discussed the terms of the plea agreement with his attorney. He indicated he understood that by pleading guilty he was giving up the right to appeal. In our view, defendant's plea allocution demonstrates a voluntary, knowing and intelligent guilty plea and waiver of the right to appeal both his conviction and his admission to violating the terms of his various probations.

Next, defendant contends that County Court erred in finding that he violated the terms of his probation and asserts various procedural irregularities concerning his sentencing. We note that defendant did not raise these challenges in a timely manner before County Court as required by CPL 470.05 (2) and, therefore, they are not preserved for our review. Moreover, such challenges were effectively waived by defendant's guilty plea (*see, People v Callahan*, 80 NY2d 273, 281).

Finally, defendant contends, in effect, that because the underlying five-year probationary sentences for the January 1993 convictions of operating a motor vehicle while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree were illegal, they cannot serve as the basis for violations of probation (*see, People v O'Brien*, 190 AD2d 1097). Essentially, defendant argues that since the January 1993 convictions arose out of the same set of circumstances and were charged under a single indictment, he should not have been sentenced to two five-year probationary terms eight months apart which resulted in a total probationary sentence exceeding five years. He argues that the sentences should have run concurrently under Penal Law § 70.25 (2). The legality of defendant's prior sentences, however, cannot be raised on this appeal from the resentencing. CPL 450.30 (3) provides "in essence, that the time for taking an appeal from the original judgment is not revived by a resentencing that occurs more than 30 days after the original sentence was imposed" (*People v Johnson*, 69 NY2d 339, 341). Here, we note that the resen-

tencing occurred more than 30 days after the original sentence. We further note the absence of any indication in the record that defendant took an appeal from the original judgments of conviction. Under these circumstances, the sentence imposed under the original judgments shall not be reviewed in the context of this appeal.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

