■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LA MOUNTAIN, Also Known as VERONICA LA MOUNTAIN, Appellant. [731 NYS2d 900] —Mercure, J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered December 22, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted burglary in the second degree, without a hearing.

In January 1996, defendant was convicted of attempted bur-

glary in the second degree as a result of an October 1994 incident in which defendant was observed attempting to open the window of a residence in the Town of Colonie, Albany County. On direct appeal, the conviction was affirmed (249 AD2d 584), and the Court of Appeals denied defendant's subsequent motion for leave to appeal (92 NY2d 855). Defendant then moved *pro se* pursuant to CPL 440.10 to vacate the judgment of conviction. County Court summarily denied the motion and defendant now appeals by permission of this Court.

We affirm. The predicate for defendant's CPL article 440 application was that the trial court erred in determining that defendant was fit to proceed to trial because the CPL article 730 examination was improperly conducted by only one psychiatrist, that he should in any event have been reevaluated after his release from a psychiatric facility, and that his trial counsel did not provide effective assistance. As properly determined by County Court, all of those issues could have been, but were not, raised on direct appeal, requiring denial of defendant's motion pursuant to CPL 440.10 (2) (c). "[T]he purpose of a CPL article 440 motion 'is to inform a court of facts not reflected in the record and unknown at the time of the judgment * * *. By its very nature, the procedure cannot be used as a vehicle for an additional appeal' " (*People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919, quoting *People v Donovon*, 107 AD2d 433, 443, *lv denied* 65 NY2d 694 [citation omitted]).

As a final matter, we note that defendant's claim of ineffective appellate counsel should have been pursued in a common-law coram nobis proceeding in this Court (*see, People v Bachert*, 69 NY2d 593, 595-596).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed.