■ The People of the State of New York, Respondent, v Larry K. Smith, Also Known as Kareem Jones, Also Known as Tree, Appellant. [751 NYS2d 665] —Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 7, 1999, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, criminal mischief in the third degree and resisting arrest.

Defendant was the subject of an indictment charging him with robbery in the second degree, criminal mischief in the third degree and resisting arrest. Following the denial of his pretrial suppression motions, defendant pleaded guilty to the three crimes charged in the indictment and was thereafter sentenced to a prison term of 6 to 12 years on the charge of robbery in the second degree, 1 to 3 years on the charge of criminal mischief in the third degree and one year on the charge of resisting arrest, with the sentences to be served concurrently. Defendant was also ordered to pay restitution.

In the plea allocution before County Court, defendant admitted that on May 12, 1998, he and an accomplice entered a food market in the City of Hudson, Columbia County, where he brandished a handgun and then absconded with the store's cash. He further admitted that when police officers attempted to apprehend him approximately 2½ weeks later, he resisted being taken into custody and kicked out the rear window of a police cruiser.

On this appeal, defendant contends that he was denied the right to the effective assistance of counsel as evidenced by defense counsel's failure to present mitigating circumstances at his sentencing hearing in an effort to persuade County Court to impose lower sentences. Initially, we note that defendant has not moved to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon; hence, he has waived the right to appellate review of this issue (*see People v Soto*, 259 AD2d 904; *People v Depta*, 257 AD2d 916, *lv denied* 93 NY2d 923). Were we to review this contention, however, it

would be rejected, as the transcript of the sentencing hearing discloses that defense counsel did articulate mitigating factors to the court, including defendant's expressions of remorse and the fact that he had never before been sentenced to incarceration in a state prison. In general, a defense counsel's inability to persuade a sentencing court to impose a lighter sentence does not constitute ineffective assistance of counsel (*see People v Newell*, 271 AD2d 873, 874, *lv denied* 95 NY2d 837; *People v Johnson*, 267 AD2d 609, 610).

We are similarly unpersuaded by the contention that the sentences imposed by County Court were harsh or excessive. Given defendant's previous criminal record and the violent felony of which he now stands convicted, the sentences were not an abuse of County Court's discretion nor are there any extraordinary circumstances here that would warrant modification thereof in the interest of justice (*see People v Derush*, 288 AD2d 563, *lv denied* 97 NY2d 728; *People v Moneyhan*, 248 AD2d 756, 757, *lv denied* 91 NY2d 1010).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.