■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN HERRING, Appellant. (Appeal No. 1.) [753 NYS2d 780] —Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered March 6, 2001, convicting defendant upon his plea of guilty of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON C.P., Appellant. [754 NYS2d 479] —Appeal from an adjudication of Steuben County Court (Furfure, J.), entered June 20, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the adjudication so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that he was denied the right to effective assistance of counsel because defense counsel failed to propose a suitable alternative to incarceration for defendant, a 19-year-old sex offender, after County Court indicated that it would consider a suitable alternative. The record establishes that, although defense counsel did in fact attempt to identify alternatives to incarceration, the facilities identified by defense counsel were not appropriate or defendant was ineligible for the programs offered there. Thus, we conclude that defense counsel's inability to propose a suitable alternative to incarceration does not constitute ineffective assistance of counsel (*see generally People v Newell*, 271 AD2d 873, 874, *lv denied* 95 NY2d 837). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.