■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY T. KALENAK, Appellant. [767 NYS2d 696]—Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 18, 2002, convicting defendant upon her plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to the crime of driving while intoxicated, a class E felony, waiving her right to appeal. Sentencing was adjourned for a one-year period with interim probation imposed, the conditions of which included her abstention from the consumption of alcohol and the completion of a substance abuse treatment program. After defendant was found to have violated certain conditions of her interim probation by, among other actions, consuming alcoholic beverages, her sentence of interim probation was revoked and she was resentenced to a prison term of $1^1/_3$ to 4 years.

Defendant appeals, contending that her plea allocution was inadequate. Having failed to move to withdraw her plea or to vacate the judgment of conviction, defendant has not preserved her challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). There is nothing in defendant's allocution that negates an element of the crime of driving while intoxicated as a felony. The record discloses that defendant's plea was voluntary, knowing and intelligent and her responses to County Court's questions were sufficient to establish the elements of the crime (*see People v Stakowski*, 276 AD2d 909, 910-911 [2000]).

Defendant charges that defense counsel failed to provide her with effective legal representation and this failure vitiated the voluntary nature of her plea. This contention is belied by the transcripts of the proceedings before County Court, which show that defense counsel's legal representation was adequate in all respects (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v*

*De Berardinis*, 304 AD2d 914, 916 [2003], *lv denied* 100 NY2d 580 [2003]).

As to defendant's challenge to her sentence as harsh and excessive, her waiver of the right to appeal precludes review of this issue (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Crooks*, 278 AD2d 931, 932 [2000], *lv denied* 96 NY2d 782 [2001]).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.