■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIANNE L. PERRY, Appellant. [772 NYS2d 383]—

Spain, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered August 22, 2001, convicting defendant upon her plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

By superior court information, defendant was charged with criminal possession of a forged instrument in the second degree for her conduct on January 2, 2000 in knowingly submitting a forged check as payment for gas and for cash back at a convenience store in the Town of Hague, Warren County. Prior to testifying before the grand jury, defendant waived indictment, consented to being prosecuted on the superior court information and pleaded guilty to the charge in full satisfaction of all remaining charges pending in local criminal courts of Warren County. She was, however, permitted to withdraw her plea at

the sentencing hearing when a disagreement arose regarding restitution, and the plea was vacated. Shortly thereafter, a Warren County grand jury handed up a five-count indictment charging defendant with the additional crimes of grand larceny in the third and fourth degrees (two counts each) and criminal possession of a forged instrument in the second degree, related to separate incidents.

During the ensuing trial, defendant again entered a plea of guilty to the charge contained in the superior court information in exchange for a sentence of six months in jail and five years' probation. To accommodate defendant's request to visit her stepson in California and to secure her appearance for sentencing, defendant was placed on interim probation and also entered an *Alford* plea to the charges in the indictment with the agreement that those charges would be dismissed in their entirety provided defendant appeared as directed at sentencing. Defendant also agreed to waive her right to appeal with regard to all charges. At sentencing, County Court sentenced defendant in all respects in accordance with the plea agreement and all charges in the indictment were dismissed. Defendant appeals, and we affirm.

Initially, while defendant's appeal waiver does not preclude her challenge to the voluntariness of her plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), her contention that her plea was not knowing, voluntary and intelligent is not preserved for our review since she never moved to withdraw her plea or to vacate the judgment of conviction (*see People v Lopez*, 295 AD2d 701, 701 [2002]). Likewise, defendant's challenges to the sufficiency of the plea allocution are foreclosed by her appeal waiver and were not preserved by a motion (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Kalenak*, 2 AD3d 902, 902 [2003]).

In any event, defendant's claims of involuntariness or insufficiency related to her plea are not supported by the record, which reflects that County Court explained to defendant at length the terms and consequences of the plea agreement and answered all of her questions. While defendant initially expressed concern about and questioned the necessity of the *Alford* plea and asserted her innocence as to some of the charges in the indictment, she and her attorney thereafter reaffirmed her desire to accept the plea offer. Defendant was sworn and the court informed her of her right to continue the ongoing trial and that she would be waiving her rights if she pleaded guilty; she stated that she had discussed the case with counsel and wanted to accept the plea offer. When defendant briefly indicated that she

felt intimidated and coerced by the plea offer, the court inquired further and defendant then unequivocally stated that no threats or promises had been made and rejected the court's offer to resume the trial; the court thereafter engaged defendant in a colloquy in which she admitted the facts underlying the charge in the superior court information, pleaded guilty to that charge, and provided an *Alford* plea on the indicted charges. We find that defendant's plea was knowing, intelligent and voluntary, that her responses were adequate to establish the elements of the crime and that nothing in the allocution negated any element of that crime (*see People v Lopez*, 71 NY2d 662, 668 [1988], *supra*; *People v Kalenak, supra*).

Defendant's challenge to her trial counsel's effectiveness at sentencing has not been preserved for our review (*see People v Smith [Jones] [Tree]*, 300 AD2d 745, 745 [2002], *lvs denied* 99 NY2d 616, 620 [2003]; *People v Newell*, 271 AD2d 873, 874 [2000], *lv denied* 95 NY2d 837 [2000]) and her challenge to the imposition of the agreed-upon sentence is precluded by her appeal waiver (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Kalenak, supra*). Moreover, both claims lack merit (*see People v Smith [Jones] [Tree], supra* at 745-746). Finally, defendant's pro se challenge to appellate counsel's legal representation is not properly before this Court and, instead, can only be entertained in a common-law coram nobis proceeding (*see People v Bachert*, 69 NY2d 593, 595-596 [1987]; *People v La Mountain*, 288 AD2d 503, 504 [2001], *lv denied* 98 NY2d 731 [2002]).

Defendant's remaining claims similarly lack merit.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.