■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GRIER, Appellant. [783 NYS2d 146]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 1, 2001, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

In February 2000, defendant pleaded guilty to criminal contempt in the first degree, a class E felony. The plea was conditional in that defendant was to refrain from violating an order of protection, which had been issued to the victim of the crime, and he had to successfully complete a 52-week batterers' intervention program. Because of the aforementioned conditions, defendant was released under supervision of probation and the date of sentencing was to occur no later than one year from the date of the plea. Although no promises were made, should defendant meet these conditions, County Court, at the time of sentencing, would consider allowing defendant to withdraw his plea to this felony count and, instead, allow him to plead to a class A misdemeanor, upon which he would be sentenced to a maximum of three years' probation. Defendant, however, failed to adhere to the conditions of the agreement and was sentenced as a second felony offender to $1\frac{1}{2}$ to 3 years in prison. Defendant now appeals.

Initially, as defendant failed to move to withdraw his plea or vacate the judgment of conviction, his challenge to the sufficiency and voluntariness of his plea is not preserved for our review (*see People v Russo*, 8 AD3d 903, 903 [2004]; *People v Coleman*, 8 AD3d 825, 825 [2004]). In any event, a review of the plea colloquy indicates that County Court (Rosen, J.) apprised

defendant of the rights he would be relinquishing if he pleaded guilty, and he unequivocally stated that he understood the nature of the charges against him, he had adequate time to discuss the plea with counsel and he understood the plea bargain and the consequences if he did not adhere to its terms (*see People v Stone*, 9 AD3d 498, 499 [2004]; *People v Russo, supra* at 903-904; *People v Merritt*, 265 AD2d 732, 732-733 [1999], *lv denied* 94 NY2d 826 [1999]). In addition, defendant's responses to the court's questions established the elements of the crime (*see People v Perry*, 4 AD3d 618, 620 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003], *lv denied* 1 NY3d 629 [2004]). As such, we find that defendant entered a knowing, voluntary and intelligent plea. We also reject defendant's contention that his sentence was harsh and excessive. The record reveals that defendant clearly realized at the time of his plea that if he did not abide by the terms of the agreement he would be sentenced to 2 to 4 years in prison. County Court in fact sentenced him to 1½ to 3 years in prison, the minimum available for a second felony offender (*see* Penal Law § 70.06 [3] [e]; [4] [b]). In view of the foregoing, the sentence should not be disturbed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.