■ The People of the State of New York, Respondent, v Harry D. Adams, Appellant. [794 NYS2d 748]—Kane, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 16, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

In a written statement that he provided to the police, defendant admitted that he unlawfully entered the garage of a home hoping to find a ride because he was cold. When he entered, he saw a bicycle and intended to steal it, but left when he heard a noise. Defendant was subsequently indicted and charged with burglary in the second degree and attempted petit larceny. As part of a negotiated plea bargain, the People consented to defendant's request that the second degree burglary charge be reduced to burglary in the third degree and the indictment was amended accordingly. Defendant indicated that he wished to enter an *Alford* plea to attempted burglary in the third degree

in full satisfaction of the amended indictment. He acknowledged that he had spoken with his attorney and that pleading guilty was in his "best interests." County Court explained that although an *Alford* plea did not require that defendant admit the underlying facts, such plea was a conviction, and defendant stated that he understood. County Court stated that it was "very familiar" with defendant's case having read the grand jury minutes, defendant's statement to the police and the file, and concluded that it was a "very strong" case. Defendant then entered the *Alford* plea and County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years. Defendant now appeals.

Defendant's challenge to the validity of the plea is unpreserved for our review due to his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Grier,* 11 AD3d 816 [2004]; *People v Perry,* 4 AD3d 618 [2004], *lv denied* 2 NY3d 804 [2004]). In view of the foregoing, the judgment should not be disturbed.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.