People v Steinhoff (2025 NY Slip Op 07246)

People v Steinhoff

2025 NY Slip Op 07246

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

113451
[*1]The People of the State of New York, Respondent,
vJoel Steinhoff, Appellant.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Craig S. Leeds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered September 22, 2021, convicting defendant upon his plea of guilty of the crime of rape in the third degree (two counts).
Defendant was charged in a 12-count indictment with eight counts of rape in the third degree, three counts of criminal sexual act in the third degree and endangering the welfare of a child. Pursuant to a negotiated disposition, defendant pleaded guilty to two counts of rape in the third degree and agreed to waive his right to appeal both orally and in writing. Consistent with the plea agreement, defendant was sentenced to consecutive 3½-year prison terms, to be followed by 10 years of postrelease supervision. Defendant appeals.
Since defendant raises no challenge as to the validity of his appeal waiver, any contention that the sentence was unduly harsh or severe is foreclosed (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Wheeler, 221 AD3d 1349, 1350 [3d Dept 2023]).[FN1]
Defendant's challenge to the voluntariness of his guilty plea, which survives the appeal waiver, is unpreserved because defendant did not move to withdraw his plea or otherwise raise the issue before County Court (see People v Bailey, 232 AD3d 1031, 1033 [3d Dept 2024], lv denied 43 NY3d 929 [2025]). Similarly, defendant's challenge to the factual sufficiency of his plea allocution is also unpreserved (see People v Harrigan, 239 AD3d 1153, 1155 [3d Dept 2025]; People v Snyder, 235 AD3d 1072, 1073 [3d Dept 2025]). Moreover, defendant made no statements during the plea colloquy that negated an element of the crime or cast doubt on the voluntariness of the plea so as to trigger the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 214 [2016]); People v Lopez, 71 NY2d 662, 666 [1988]). To the extent that defendant's ineffective assistance claim impacts the voluntariness of the plea, it is also unpreserved in light of the lack of an appropriate postallocution motion (see People v McCargo, 170 AD3d 1377, 1379 [3d Dept 2019]; People v Rutigliano, 159 AD3d 1280, 1281 [3d Dept 2018], lv denied 31 NY3d 1121 [2018]). Defendant's claim of ineffective assistance of counsel predicated upon counsel's efforts at sentencing is likewise not preserved for our review (see People v Newell, 271 AD2d 873, 874 [3d Dept 2000], lv denied 95 NY2d 837 [2000]). "In any event, in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel and, were we to address this claim, we would find that defendant received meaningful representation [throughout the underlying proceedings and at sentencing]" (People v Taylor, 144 AD3d 1317, 1319 [3d Dept 2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 1151 [2017]; see People v Newell, 271 AD2d at 874).
Reynolds Fitzgerald, J.P., Ceresia[*2], Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: We recognize that the written waiver is the same waiver document deemed invalid in People v Appiah (218 AD3d 1060 [3d Dept 2023], revd on other grounds 41 NY3d 949, 950 [2025]). The written waiver is overbroad in several respects, specifying that the waiver "marks[s] the end of [his] case" and precluding any request for collateral relief "in any state or federal court" (see People v Bisano, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]). County Court's oral allocution advised defendant that certain appellate rights survive the waiver, but that brief explanation failed to cure the defects in the written waiver (see People v Appiah, 218 AD3d at 1061). In any event, were we to review the issue, we would not find the agreed-upon sentence unduly harsh or severe.