■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CABEZAS, Appellant. [762 NYS2d 540] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered February 25, 2002, convicting defendant upon his plea of guilty of the crime of attempted robbery in the third degree.

Pursuant to a plea agreement, defendant pleaded guilty to the crime of attempted robbery in the third degree, waived his right to appeal and was sentenced as a second felony offender to a prison term of 2 to 4 years. Defendant appeals, contend-

ing, among other points, that his plea allocution was inadequate and involuntary and that the sentence was harsh and excessive. None of the contentions has merit.

Having failed to move to withdraw his plea or to vacate the judgment of conviction, defendant has not preserved his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). Additionally, nothing in defendant's allocution negated an element of the crime of attempted robbery in the third degree and, thus, that exception to the preservation rule is inapplicable (*see People v Page*, 302 AD2d 628, 629 [2003], *lv denied* 99 NY2d 657 [2003]; *cf. People v Makas*, 273 AD2d 510, 511 [2000]). Notably, the record demonstrates that defendant's plea was voluntary, knowing and intelligent and defendant's affirmative responses to County Court's questions established the elements of the crime and, consequently, his challenge to the plea is rejected (*see People v Kemp*, 288 AD2d 635, 636 [2001]). To the extent that defendant's challenge to the representation provided by the Public Defender implicates the voluntariness of his plea, it survives the waiver of appeal, but is likewise unpreserved and, in any event, it is belied by the record on appeal (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]).

Regarding the challenge to the length of his sentence, defendant's general waiver of the right to appeal encompassed a challenge to the sentence as harsh and excessive (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Wade*, 297 AD2d 877 [2002]). Defendant's remaining claims are either unpreserved for review or without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.