■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD R. WEHRLE, JR., Appellant. [764 NYS2d 668] —Rose, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered June 18, 2002, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was charged in a five-count indictment with assault in the first degree, three counts of assault in the second degree and criminal possession of a weapon in the third degree following an altercation in which he struck a man with a wooden club. In full satisfaction of the indictment, he pleaded guilty to assault in the second degree as charged in the fourth count and waived his right to appeal. He was sentenced, in accordance with the plea agreement, as a second felony offender to a determinate prison term of three years to be followed by a five-year period of postrelease supervision. Defendant now appeals.

Initially, defendant contends that his guilty plea was not voluntary because he did not understand the implications of the waiver of the right to appeal. While the waiver does not preclude our review of claims related to the voluntariness of the plea (*see People v Kemp*, 288 AD2d 635, 635 [2001]; *People v Tyler*, 260 AD2d 796, 797 [1999], *lv denied* 93 NY2d 980 [1999]), we find defendant's contention to be without merit. Our review of the record discloses that County Court adequately apprised defendant of the rights he was forfeiting by pleading guilty, including the right to appeal. Defendant indicated that he understood the consequences of entering a guilty plea and proceeded to execute two written documents, one explicitly stating that the waiver was voluntary and the second that he did not wish to appeal. Under these circumstances, we conclude that both the plea and accompanying waiver were entered knowingly, voluntarily and intelligently.

Although defendant also challenges the factual sufficiency of the plea allocution, he is precluded from doing so by his voluntary waiver of the right to appeal (*see People v Clough*, 306 AD2d 556, 557 [2003]), as well as his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Camp*, 302 AD2d 629, 630 [2003]; *People v Tavares*, 282 AD2d 880, 880 [2001], *lv denied* 96 NY2d 868 [2001]). This is not a case in which defendant made statements inconsistent with his guilt that negate an essential element of the crime and, thus, would fall within the narrow exception to the preservation rule (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]). In any event, a review of the plea minutes reveals that defendant admitted to the reckless conduct as charged in the fourth count of the indictment and that this resulted in a skull fracture to the victim, which may be considered a serious injury. Therefore, we find no reason to disturb the judgment of conviction.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.