Rose, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 1, 2002, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and attempted burglary in the third degree.
Pursuant to a plea agreement, defendant pleaded guilty to the crimes of attempted burglary in the second and third degrees, agreeing to cooperate in the prosecution of his codefendant and waiving his right to appeal. He was then sentenced to concurrent prison terms of two years and one year, respectively, to be followed by a lVa-year period of postrelease supervision. This sentence was to run concurrently with a prison sentence that had been imposed less than a week earlier by the County Court of Albany County. Defendant appeals, contending that County Court erred by accepting his plea without eliciting a full recitation of all of the elements of the crimes to which he was pleading guilty.
A defendant’s “failure to move either to withdraw the plea or to vacate the judgment of conviction generally precludes review of his challenge to the factual sufficiency of the plea allocution” (People v Kemp, 288 AD2d 635, 635 [2001]). A narrow exception to this rule arises when the defendant has made statements in the course of the plea colloquy that are inconsistent with his guilt, negate an essential element of the crime or crimes or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]). Defendant made no statements that would give rise to such inferences here.
It is, in addition, well settled that “where a defendant pleads guilty to a lesser crime than that charged in the indictment, a factual basis for such plea is not necessary” (.People v Santmyer, 283 AD2d 718, 718 [2001]). As defendant was indicted on charges of burglary in the second and third degrees but was allowed to plead guilty to the crimes of attempted burglary in the second and third degrees, County Court was not required to obtain a factual basis for his plea (see People v Moore, 71 NY2d 1002, 1006 [1988]).
Cardona, EJ., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.