◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARRIE L. GAMBACCINI, Appellant. [769 NYS2d 634]—

Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 3, 2003, convicting defendant upon her plea of guilty of the crime of attempted assault in the second degree.

Defendant struck her fiancé in the face with a shovel in the course of an altercation during which both parties were intoxicated. She was thereafter charged with the crime of assault in the second degree and criminal possession of a weapon in the fourth degree. Pursuant to a plea agreement, defendant pleaded guilty to the crime of attempted assault in the second degree, waiving her right to appeal. It was agreed that she would be sentenced to a term of probation conditioned upon, inter alia, her successful participation in an in-patient substance abuse program prior to sentencing. After two weeks, however, defendant was discharged from the program due to her failure to comply with its requirements; hence, County Court sentenced her to a prison term of 1 to 3 years.

Defendant appeals, contending that she was denied the right to the effective assistance of counsel as evidenced by defense counsel's failure to move for a competency hearing pursuant to CPL article 730. We note that although defendant's waiver of her right to appeal does not preclude appellate review of this issue as it relates to the voluntariness of her plea, her failure to make a motion to withdraw her plea or to vacate the judgment of conviction on this ground renders this claim unpreserved for our review (*see People v Shaw*, 306 AD2d 697 [2003]; *People v Ambrose*, 266 AD2d 26 [1999]). In any event, we note that defendant has failed to show the necessary absence of any strategic or other legitimate explanation for defense counsel's failure to raise the issue of defendant's competency (*see People v Dunn*, 261 AD2d 940, 941 [1999], *lv denied* 94 NY2d 822 [1999]). Furthermore, defendant gave no indication during the proceedings that she was an incapacitated person within the meaning of CPL article 730. She was questioned by County Court several times regarding her comprehension of the pending charges and her right to defend herself against them and, in each instance, she gave coherent answers indicating her understanding. Given the mental competence exhibited by defendant during the instant proceedings, defense counsel may well have concluded that defendant was unlikely to gain an advantage by making an issue of her competency and the more prudent tactic would be to accept the favorable plea agreement (*see People v D'Adamo*, 293 AD2d 869, 872 [2002], *lv denied* 98 NY2d 730 [2002]).

We are similarly unpersuaded by defendant's challenge to her sentence of 1 to 3 years as harsh and excessive. In view of her knowing waiver of the right to appeal, her challenge to the severity of the sentence has not been preserved for our review (*see People v Teague*, 295 AD2d 813, 815 [2002], *lv denied* 98 NY2d 772 [2002]). In any event, we are unpersuaded that the sentence was harsh and excessive, given defendant's history of violent misconduct and her inability to participate in required treatment programs. We conclude that the sentence imposed by County Court was appropriate and that there are no extraordinary circumstances that would warrant a reduction in the interest of justice (*see People v Goldwire*, 301 AD2d 677, 678 [2003]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.