■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN F. KELLY, Appellant. [770 NYS2d 910]—Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered August 31, 2001, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was charged in a six-count indictment with various drug-related crimes. In full satisfaction of the indictment, defendant pleaded guilty to the first count, after it was amended and reduced, of attempted criminal sale of a controlled substance in the third degree. As part of the plea agreement, defendant agreed to waive her right to appeal and to be sentenced to 2⅓ to 7 years in prison. County Court imposed the agreed-upon sentence and recommended, at defendant's request, that she be afforded entry into the ASAT and CASAT programs for substance abuse. Defendant now appeals.

Initially, defendant's challenge to the factual sufficiency of the plea allocution is precluded by her waiver of the right to appeal as well as her failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Wehrle*, 308 AD2d 660, 661 [2003]). Inasmuch as defendant did not make any statements inconsistent with her guilt which negated an essential element of the crime, the exception to the preservation rule is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]). Likewise, defendant's challenge to the severity of the sentence is also encompassed by her voluntary waiver of the

right to appeal (*see People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Samuels*, 304 AD2d 913 [2003], *lv denied* 100 NY2d 586 [2003]).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.