■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. MACCUE, Appellant. [778 NYS2d 731]—

Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 10, 2003, convicting defendant upon his plea of guilty of two counts of the crime of rape in the third degree.

Defendant pleaded guilty to two counts of rape in the third degree as charged in a superior court information, and waived his right to appeal. At the time of his plea, no sentencing promises were made by the People or County Court. At sentenc-

ing, County Court imposed consecutive one-year jail terms on each count. Defendant appeals.

Defendant's challenge to the sufficiency of the plea allocution is precluded by his waiver of the right to appeal, as well as by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Kelly*, 3 AD3d 789, 789 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003]). Furthermore, the exception to the preservation rule is inapplicable, as defendant made no statements during the plea allocution that were inconsistent with his guilt and, indeed, his responses to County Court's questions established the elements of the crimes (*see People v Kelly, supra* at 789; *People v Kalenak, supra* at 902). Defendant's contention that his sentence is unduly harsh does not survive his voluntary, knowing and intelligent waiver of the right to appeal (*see People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]). In any event, given defendant's prior criminal history and the nature of the crimes, we discern "no extraordinary circumstances that would warrant a reduction in the interest of justice" (*People v Gambaccini*, 2 AD3d 1065, 1067 [2003]; *see People v Cooney*, 290 AD2d 727, 728 [2002], *lv denied* 97 NY2d 752 [2002]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.