■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. STONE, Appellant. [779 NYS2d 302]—

Rose, J. Appeals (1) from a judgment of the County Court of Albany County (Rosen, J.), rendered November 3, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (Herrick, J.), entered June 17, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After County Court denied his suppression motions, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of a five-count indictment, waived his right to appeal and was sentenced to the agreed-upon prison term of 6½ years. Defendant then moved to have his conviction set aside pursuant to CPL 440.10 (1) because, among other contentions, his plea was involuntary and his counsel was ineffective. County Court denied the motion. Defendant now appeals, limiting his argument to those two grounds, and we affirm.

Defendant's waiver of his right to appeal precludes his challenge to the effectiveness of his counsel except to the extent

that it may have impacted the voluntariness of his plea (*see People v Henning,* 2 AD3d 979, 980 [2003]; *People v Shaw,* 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]). In that respect, our review of the record discloses no support for defendant's claim that his counsel rushed him into the plea and failed to advise him of an available defense. The plea colloquy demonstrates that County Court advised defendant of the terms of the plea, including the appeal waiver, and fully informed him of his rights. Defendant confirmed that he understood the consequences of pleading guilty and was not coerced. He also acknowledged that he had time to discuss the plea with his counsel and was satisfied with his counsel's services. Defendant then admitted to possessing a loaded .357 magnum revolver with the requisite intent (*see* Penal Law § 265.03 [2]). Having received an advantageous plea despite denial of his suppression motions, defendant was afforded meaningful representation (*see People v Ward,* 2 AD3d 1219, 1220 [2003]), and we find his guilty plea to be voluntary, knowing and intelligent (*see People v Hodge,* 4 AD3d 676, 677 [2004]; *People v Hughes,* 3 AD3d 736, 737 [2004]).

Defendant's waiver of the right to appeal also forecloses his challenge to the severity of his negotiated sentence, which was less than half of the maximum possible prison term (*see* Penal Law § 70.02 [3] [b]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Kalenak,* 2 AD3d 902, 903 [2003]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment and order are affirmed.