■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. SHARLOW, Appellant. [784 NYS2d 203]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 31, 2003, convicting defendant upon his plea of guilty of the crimes of rape in the second degree (two counts) and sexual abuse in the first degree.

Defendant was arrested for allegedly having sexual contact with two females, 11 and 13 years old. In satisfaction of a

multicount superceding indictment, defendant, who was 18 years old at the time of the charged crimes, waived his right to appeal and pleaded guilty to two counts of rape in the second degree and one count of sexual abuse in the first degree. County Court denied defendant's request for youthful offender status and imposed the agreed-upon sentence of two consecutive one-year jail terms. It also ordered, among other things, that defendant submit to DNA testing and register as a sex offender.

Initially, we note that "defendant's challenge to the factual sufficiency of the plea allocution is precluded by [his] waiver of the right to appeal" (*People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]; *see People v Kemp*, 288 AD2d 635 [2001]). Were that claim properly before us, we would find it lacking in merit (*see People v Wehrle*, 308 AD2d 660, 661 [2003]). As to the particulars of the plea allocution, "the exception to the preservation rule is inapplicable, as defendant made no statements during the plea allocution that were inconsistent with his guilt and, indeed, his responses to County Court's questions established the elements of the crimes" (*People v MacCue*, 8 AD3d 910, 911 [2004]).

Regarding defendant's further contention that the plea was not voluntarily entered, that claim is unpreserved due to his failure to make a motion to withdraw the plea or vacate the judgment of conviction (*see People v Russo*, 8 AD3d 903, 903 [2004]). In any event, even if preserved, the plea colloquy reveals that defendant denied being coerced into accepting the plea. He responded affirmatively to County Court's inquiry of whether he heard the discussion on the record concerning the terms of the plea bargain. Defendant also admitted that he was not under the influence of any drugs or alcohol, he had sufficient time to discuss the plea with his attorney and he understood the sentencing possibilities. Although defendant further claims that his plea was not voluntary because his counsel failed to fully inform him of the ramifications of the requirement to register on the sex offender registry, such a circumstance, if true, does not constitute reversible error (*see People v Clark*, 261 AD2d 97, 100 [2000], *lv denied* 95 NY2d 833 [2000]). In any event, we note that defendant responded "yes" when County Court asked if he understood that he would "be required to register under the sex offender registry law."

Furthermore, defendant's claim that his plea was not knowing or voluntary because he was assessed as a risk level III sex offender, after allegedly being promised a level I risk assessment in exchange for his guilty plea, is not supported by the record. A promise as to defendant's assessment level was not part of the

negotiated plea. Although it is undisputed that the prosecutor did make a confusing statement as to defendant's assessment level, he made no definitive promise in that regard. When the terms of the plea bargain were later recited, the prosecutor mentioned only that defendant "would also be assessed by the Court with respect to the sex offender registry." County Court thereafter advised defendant that he would classify him under the sex offender registry law at a later date. Accordingly, this cannot be construed as an instance where "a guilty plea . . . has been induced by an unfulfilled promise" as no promise as to risk assessment level was ever made (*People v Parsons*, 3 AD3d 790, 791 [2004]).

Defendant also challenges County Court's denial of his request for youthful offender status. However, defendant's waiver of his right to appeal included the forfeiture of any argument that he should have been adjudicated a youthful offender (*see People v Baker*, 6 AD3d 751, 751 [2004]; *People v Vedder*, 1 AD3d 803, 804 [2003], *lv denied* 1 NY3d 602 [2004]). Even if review were not precluded for that reason, granting youthful offender status is discretionary and we find no abuse of discretion herein (*see People v Snider*, 233 AD2d 621, 621 [1996]). The plea agreement ultimately negotiated included a provision that defendant would not be adjudged a youthful offender and defendant accepted the agreement. That was not error inasmuch as a plea agreement may encompass almost any provision agreeable to the People and defendant, provided the terms and conditions of the agreement do not "amount to overreaching or a denial of a defendant's entitlement to fundamental fairness" (32A NY Jur 2d, Criminal Law § 1376, at 436-437). Defendant had no absolute right to be adjudicated a youthful offender and made a voluntary choice to accept a plea bargain containing a provision specifically precluding that status.

Next, to the extent that defendant's allegation of ineffective assistance of counsel is related to his claim challenging the voluntary nature of his plea, it would survive his waiver of the right to appeal (*see People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]). However, the claim must be preserved for appellate review by a motion to withdraw the guilty plea or to vacate the judgment of conviction (*see id.* at 595; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]). Although that motion was not made, even assuming that the issue is properly before us, viewing defense counsel's representation in its entirety, it is apparent that defendant received an advantageous plea, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (*People*

*v Ford*, 86 NY2d 397, 404 [1995]; *accord People v Wright*, 295 AD2d 806, 807 [2002]).

Finally, defendant's challenge to the severity of his sentence is barred by his voluntary waiver of his right to appeal and we find no basis on this record to conclude that said waiver should not be honored (*see People v Clow*, 10 AD3d 803 [2004]).

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.