■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT A. HERMANCE, Appellant. [784 NYS2d 676]—

Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 16, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a two-count indictment, defendant pleaded guilty to driving while intoxicated and was sentenced to 90 days in jail and five years' probation. Defendant now appeals, claiming that his plea was not voluntary because he did not recall operating his motor vehicle on a road and he only answered County Court's questions affirmatively because he was told to do so by defense counsel.

Having failed to move to withdraw his plea or vacate the judg-

ment of conviction, defendant's challenge to the voluntariness of his plea is not preserved for our review (*see People v Williams*, 6 AD3d 746, 746 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). Contrary to defendant's contention, his factual recitation during the plea colloquy did not negate an essential element of the crime or cast significant doubt as to his guilt and, therefore, the exception to the preservation rule is not applicable (*see People v MacCue*, 8 AD3d 910 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Peltier*, 1 AD3d 638 [2003], *lv denied* 1 NY3d 600 [2004]). In any event, were we to consider it, we would find no merit to defendant's claim. The record demonstrates that after indicating to County Court that he had sufficient time to discuss the matter with his attorney, he was not under the influence of any drugs or alcohol and he was voluntarily pleading guilty to the first count of the indictment, defendant replied on more than one occasion that he was in fact driving his vehicle in an intoxicated condition. The court, after asking defendant to review his answers to all of its questions, then gave defendant an opportunity, which he declined, to change those answers. In these circumstances, we find defendant's plea to be knowing and voluntary (*see People v Seeber*, 4 AD3d 620, 621-622 [2004], *lv granted* 3 NY3d 647 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003], *lv denied* 1 NY3d 629 [2004]; *People v Kemp*, 288 AD2d 635, 636 [2001]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.