■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. THIGPEN, Appellant. [785 NYS2d 584]—

Crew III, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 16, 2001, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant was charged in an indictment with robbery in the second degree after he obtained money from a bank teller by feigning possession of a firearm. Defendant thereafter pleaded guilty to attempted robbery in the second degree in full satisfaction of the indictment. As part of the plea, defendant agreed to waive his right to appeal and to be sentenced to seven years in prison, followed by a three-year period of postrelease supervision. He was sentenced as agreed and now appeals.

Initially, while not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of the plea is not preserved for our review inasmuch as he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Russo,* 8 AD3d 903 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Ward,* 2 AD3d 1219 [2003], *lv denied* 2 NY3d 808 [2004]). Nevertheless, were we to consider defendant's claim, we would find it to be without merit. Defendant was thoroughly advised by County Court of the consequences of pleading guilty and indicated that he understood them and was entering the plea knowingly and voluntarily. His affirmative responses to County Court's questions sufficiently established the elements of the crime (*see People v Cabezas,* 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Baker,* 301 AD2d 868, 868-869 [2003], *lv dismissed* 99 NY2d 625 [2003]).

Defendant's failure to move to withdraw the plea or vacate the judgment of conviction also precludes consideration of his claim of ineffective assistance of counsel (*see People v Leonard,*

309 AD2d 1073, 1073-1074 [2003], *lv denied* 1 NY3d 575 [2003]). Nevertheless, were we to consider it, we would find it to be unpersuasive. Defense counsel secured a favorable plea resulting in considerably less prison exposure than defendant would have faced if convicted of the original charge after trial. This, together with defendant's own statements that he was satisfied with his attorney's representation, leads us to conclude that defendant was provided meaningful representation (*see People v Washington,* 3 AD3d 741, 743 [2004], *lv denied* 2 NY3d 747 [2004]).

Lastly, defendant's challenge to the severity of his sentence is encompassed by his voluntary waiver of the right to appeal and we decline to consider it (*see People v Clow,* 10 AD3d 803 [2004]; *see also People v Hidalgo,* 91 NY2d 733, 737 [1998]). Moreover, we find no circumstances warranting the exercise of our interest of justice jurisdiction.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.