■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. GOODELL, Appellant. [786 NYS2d 640]—

Rose, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered February 6, 2004, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

Defendant was charged in an indictment with two counts of burglary in the first degree, assault in the third degree and endangering the welfare of a child after he entered the apartment of his ex-girlfriend on August 24, 2003 by jimmying the lock with a knife, he then struck her, causing her physical injury. Thereafter, the first and third counts of the indictment were dismissed. Defendant subsequently pleaded guilty to the second count, burglary in the first degree, in full satisfaction of the charges as well as related potential charges for violating his probation and prior court orders. Under the terms of the plea agreement, he was to be sentenced to seven years in prison, to be followed by a five-year period of postrelease supervision. At sentencing, however, it was discovered that because defendant was a second felony offender, the minimum sentence that could be imposed was eight years. Consequently, the prosecution agreed to amend the charge that was the subject of the plea to attempted burglary in the first degree. Defendant agreed to the amendment and the seven-year prison term was imposed. Defendant now appeals.

Defendant asserts that he resided in the apartment where the assault occurred and, therefore, his plea allocution was factually insufficient because the element of unlawful entry, a necessary component of the crime of burglary in the first degree, was missing. Initially, we note that defendant is precluded from challenging the factual sufficiency of the plea because he neither moved to withdraw the plea nor to vacate the judgment of conviction (*see People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]). The exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt such as to negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wehrle*, 308 AD2d 660, 661 [2003]). In any event, even if we were to consider defendant's claim, we would find it to be unavailing. Although defendant initially maintained during the allocution that he did not unlawfully enter the victim's premises, he later conceded that his entry could have been unlawful. Defendant proceeded to respond affirmatively when County Court asked him if he entered the victim's apartment without authority, with intent to commit a crime therein, and caused her physical injury. We find the plea allocution sufficient "where, as here . . . [,] defendant's affirmative responses to County Court's questions established the elements of the crime[ ] . . . and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]). Therefore, we find no reason to vacate defendant's plea.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.