■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL BROWN BOLDEN, Appellant. [787 NYS2d 911]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 4, 2002, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree and bail jumping in the first degree.

In October 1999, defendant pleaded guilty to criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree in full satisfaction of two indictments charging her with multiple drug-related felonies. Under the terms of the plea agreement, defendant waived her right to appeal and was to be sentenced to a prison term of 4 to 15 years. When defendant failed to appear at sentencing a warrant was issued for her arrest. Two years later, defendant was located in California and extradited to New York, where she was arraigned on bail jumping in the first degree. Defendant thereafter moved to withdraw her plea on the ground that her counsel coerced her to plead guilty. Following a hearing, County Court denied the motion. Defendant subsequently pleaded guilty to bail jumping in the first degree and was sentenced to concurrent prison terms of 8 to 24 years on the criminal sale and criminal possession convictions and $2^1/_3$ to 7 years on the bail jumping conviction. She now appeals.

We affirm. Defendant's waiver of her right to appeal precludes her from asserting ineffective assistance of counsel except to the extent that it allegedly impacted the voluntariness of her plea (*see People v Stone*, 9 AD3d 498, 498-499 [2004], *lv denied* 3 NY3d 712 [2004]; *People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). In this regard, defendant contends that her counsel coerced her to plead guilty to the drug charges. A review of the record, however, does not substantiate her assertions.

During the plea colloquy, County Court advised defendant of the terms of the plea, including the appeal waiver, and fully informed her of her rights. Defendant indicated that she understood the rights that she was relinquishing by entering a guilty plea and had not been coerced or threatened to do so. She further stated that she had discussed the plea with her attorney and was satisfied with counsel's representation. Defendant then admitted that she sold cocaine to an undercover informant on three separate occasions and possessed cocaine on a fourth occasion. Under these circumstances, we conclude that defendant was provided meaningful representation (*see People v Collins*, 306 AD2d 695 [2003], *lv denied* 100 NY2d 619 [2003]), and we find her guilty plea to be voluntary, knowing and intelligent (*see People v Hodge*, 4 AD3d 676, 677 [2004], *lv denied* 2 NY3d 800 [2004]). We decline to review defendant's challenge to the severity of her sentence given her voluntary, intelligent and knowing plea and waiver of the right to appeal (*see People v Thigpen*, 12 AD3d 934, 935 [2004]; *People v Clow*, 10 AD3d 803, 804 [2004]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.