■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. LASHER, Appellant. [787 NYS2d 914]—

Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 25, 2003, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

After pleading guilty to the crime of attempted robbery in the first degree and waiving his right to appeal, defendant moved to withdraw his plea alleging that his plea was involuntary and the result of ineffective assistance of counsel. County Court denied the motion and thereafter sentenced defendant to the agreed-upon prison term of eight years, followed by a five-year period of postrelease supervision. Defendant now appeals and we affirm.

Initially, we note that defendant's challenge to the factual sufficiency of the plea allocution is precluded by his waiver of the right to appeal (*see People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]). Contrary to defendant's contention, his factual recitation during the plea colloquy did

not negate an essential element of the crime or cast doubt upon his guilt and, therefore, the exception to the preservation rule is inapplicable (*see People v Hermance*, 12 AD3d 851, 852 [2004]; *People v Kelly, supra* at 789). Although defendant now claims that his intoxication at the time of the incident negated the element of intent, at no time during the plea allocution or at sentencing did defendant claim that his intoxication prevented him from remembering his participation in the crime (*see People v Mahar*, 12 AD3d 715, 716 [2004]).

Furthermore, we are fully satisfied that defendant's plea was knowingly, intelligently and voluntarily made. The transcript of the plea colloquy reveals that County Court fully advised defendant of the rights that he was relinquishing as a result of his plea and ascertained that defendant understood those rights and was pleading guilty of his own volition. Defendant admitted that he was not under the influence of drugs or alcohol, he had sufficient time to discuss the plea with his attorney and he was satisfied with the services of his attorney. Defendant thereafter allocuted to facts establishing the elements of the crime for which he was convicted (*see People v Watson*, 8 AD3d 911, 911 [2004]; *People v Burdo*, 1 AD3d 793, 794 [2003], *lv denied* 2 NY3d 761 [2004]). Likewise, we find no merit to defendant's claim that his attorney's failure to pursue an intoxication defense resulted in his guilty plea and deprived him of the effective assistance of counsel (*see People v Jaworski*, 296 AD2d 597, 598 [2002]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.