THIRD DEPARTMENT, FEBRUARY, 2005

(February 3, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ROGERS, Appellant. [788 NYS2d 716]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered July 12, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In March 1997, defendant was charged in a superior court information with the crime of criminal possession of a controlled substance in the fifth degree. Following plea negotiations, defendant pleaded guilty to the crime charged and waived his right to appeal. In exchange, defendant was to receive a sentence of 90 days in jail and five years' probation. Approximately 2½ years after defendant failed to appear for sentencing, a bench warrant was issued for his arrest. In May 2000, defendant was returned to court. County Court denied his oral motion to vacate his plea on the ground that the court lacked jurisdiction over him and thereafter sentenced him to one year in jail. Defendant now appeals.

We affirm. Defendant's challenge to the factual sufficiency of the plea allocution is precluded by his waiver of the right to appeal, as well as by his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v MacCue,* 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Kelly,* 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]). Contrary to defendant's assertion, his oral motion to withdraw his plea preserves only the ground stated as the basis for the motion (*see People v Spulka,* 285 AD2d 840, 840 [2001], *lv denied* 97 NY2d 643 [2001]). Inasmuch as defendant did not make any statements during the plea allocution that were inconsistent with his

guilt, negated an essential element of the crime or cast significant doubt on his guilt, the exception to the preservation rule is not applicable (*see People v Hermance*, 12 AD3d 851, 852 [2004]). Because defendant failed to appear for sentencing, we reject his argument that County Court lacked jurisdiction to impose sentence (*see Matter of Root v Kapelman*, 67 AD2d 131, 137 [1979], *lv denied* 47 NY2d 706 [1979]). Defendant's challenge to the severity of his sentence will not be reviewed given his knowing, intelligent and voluntary plea and waiver of the right to appeal (*see People v Thigpen*, 12 AD3d 934, 935 [2004]; *People v Clow*, 10 AD3d 803 [2004]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.