■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARKEEM SALES, Appellant. [794 NYS2d 719]—Crew III, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 28, 2002, convicting defendant upon his plea of guilty of the crimes of stalking in the second degree and criminal mischief in the fourth degree.

Defendant pleaded guilty to stalking in the second degree and criminal mischief in the fourth degree, waiving his right to appeal, and was sentenced to a one-year jail term in accordance with the plea agreement. He now appeals.

Initially, defendant's challenge to the voluntariness of the plea, although not precluded by his waiver of his right to appeal, nevertheless is unpreserved for our review as he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Guishard*, 15 AD3d 731, 732 [2005]; *People v Scott*, 12 AD3d 716, 717 [2004]). The exception to the preservation requirement is inapplicable here as nothing in the plea colloquy casts doubt upon defendant's guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Daniels*, 16 AD3d 780, 780 [2005]). In any event, the plea colloquy reveals that County Court accepted defendant's guilty plea only after it was satisfied that he understood the consequences of pleading guilty and was aware of the rights he was relinquishing. Under these circumstances, defendant's plea was knowing, voluntary and intelligent (*see People v Scott, supra* at 717; *People v Russo*, 8 AD3d 903, 903-904 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Smith*, 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]).

To the extent that defendant's challenge to the effectiveness of counsel impacts the voluntariness of his plea, the claim

survived his waiver of the right to appeal, but his failure to move to withdraw his plea or vacate the judgment of conviction renders it unpreserved for our review (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Bolden*, 14 AD3d 934, 935 [2005]; *People v Stone*, 9 AD3d 498, 498-499 [2004], *lv denied* 3 NY3d 712 [2004]). In any event, the record fails to support defendant's claim. Defendant was afforded a favorable plea agreement and he specifically stated that he had discussed the plea with defense counsel and was satisfied with his services. Under these circumstances, defendant was afforded meaningful representation (*see People v Washington*, 3 AD3d 741, 742-743 [2004], *lv denied* 2 NY3d 747 [2004]). Finally, we decline to review defendant's challenge to the severity of the sentence imposed given his voluntary, intelligent and knowing plea and waiver of the right to appeal (*see People v Bolden, supra* at 935; *People v Thigpen*, 12 AD3d 934, 935 [2004]).

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.