THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIM BETHEA, Appellant. [797 NYS2d 158]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 16, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was charged in a superior court information with criminal possession of a controlled substance in the fifth degree after he was found in possession of 17 bags of cocaine. Defendant executed a written waiver of indictment and agreed to plead guilty as charged in exchange for which defendant was promised a prison term of no more than 1⅓ to 4 years. Defendant agreed to waive his right to appeal. County Court advised defendant at length of the rights he was giving up by pleading guilty and the consequences of a guilty plea and defendant replied that he understood. Defendant stated that he was guilty of criminal possession of a controlled substance in the fifth degree, but denied knowing that it was cocaine that he had possessed. At this point, the proceeding was adjourned so that de-

fendant could confer with his attorney. Five days later, the plea proceeding resumed and defendant indicated that he had sufficient time to consult with his attorney and wanted to plead guilty and that no one was forcing him to do so. Defendant was sworn and answered the court's questions, admitted that he knew he possessed the requisite amount of cocaine, and signed a written appeal waiver. Thereafter, County Court sentenced him to 1 to 3 years in prison. Defendant now appeals.

We affirm. Defendant's challenge to the factual sufficiency of the plea allocution is precluded by his waiver of the right to appeal and is also unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Rogers*, 15 AD3d 682 [2005]; *People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]). Defendant made no statements during the final plea colloquy that negated an essential element of the crime or cast doubt upon his guilt and his responses to County Court's questions established the elements of the crime; therefore, the exception to the preservation rule is inapplicable (*see People v Hermance*, 12 AD3d 851, 852 [2004]; *People v Kelly, supra* at 789; *see also People v Goodell*, 13 AD3d 816, 817 [2004], *lv denied* 4 NY2d 831 [2005]; *People v Kemp*, 288 AD2d 635, 636 [2001]).

Next, to the extent that defendant's allegations of ineffective assistance of counsel implicate the voluntariness of his plea, they survive the waiver of appeal (*see People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]), but are likewise unpreserved and also belied by the record (*see id.* at 595; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]). The record does not support defendant's assertion that he was denied meaningful representation by counsel's failure to further investigate or pursue defenses, and instead evidences a favorable plea bargain (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Wright*, 295 AD2d 806, 807 [2002]). Finally, defendant's challenge to the severity of his sentence is barred by his voluntary waiver of his right to appeal and we find no basis on this record to conclude that said waiver should not be honored (*see People v Clow*, 10 AD3d 803, 804 [2004]).

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.