■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD F. KARWAN, Appellant. [801 NYS2d 436]—Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 16, 2003, convicting de-

fendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant agreed to be prosecuted by a superior court information charging him with criminal possession of stolen property in the fourth degree in connection with his alleged theft of a truck. He pleaded guilty to this charge and waived his right to appeal. Although no specific sentence was promised, County Court agreed to a cap of 1⅓ to 4 years in prison. In addition, County Court agreed to allow defendant to participate in an inpatient drug treatment program before facing any prison time. Defendant began the program, but left before completing it, resulting in the issuance of a bench warrant. He was subsequently sentenced to 1 to 3 years in prison and now appeals.

Initially, we note that defendant's challenge to the effectiveness of his trial counsel survives his waiver of the right to appeal only to the extent that it impacts the voluntariness of his plea (*see People v Sales*, 18 AD3d 962, 962-963 [2005]; *People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]). In support of his assertion that counsel was ineffective, defendant takes issue with counsel's failure to engage in certain discovery, make pretrial motions, require the prosecution to present its case to a grand jury and obtain a more favorable sentence. None of these alleged deficiencies bears upon the voluntariness of defendant's plea (*see e.g. People v Daniels*, 16 AD3d 780, 780 [2005]). In any event, defendant's failure to move to withdraw the plea or vacate the judgment of conviction renders this claim unpreserved (*see People v Sales, supra* at 963; *People v Jones, supra* at 965). Furthermore, inasmuch as we find that defendant entered a knowing, voluntary and intelligent plea and waiver of the right to appeal, we decline to review his claim that the sentence was harsh and excessive (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Clow*, 10 AD3d 803, 804 [2004]). We additionally find no basis to exercise our interest of justice jurisdiction in that regard (*see People v Schwing*, 13 AD3d 725, 726 [2004]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.