■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA J. NESBITT, Appellant. [805 NYS2d 139]—

Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 30, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to attempted burglary in the second degree in satisfaction of a superior court information filed against him. Defendant also waived his right to appeal. In accordance with the plea agreement, County Court sentenced defendant to four years in prison, to run concurrently with two sentences imposed in Albany County,* and ordered payment of restitution.

Defendant's knowing, voluntary and intelligent waiver of his right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Bethea,* 19 AD3d 813, 814 [2005]; *People v Rogers,* 15 AD3d 682, 682 [2005]). Insofar as defendant's challenge involves the voluntariness of his plea, it is not precluded by the waiver, however, defendant's failure to move to withdraw his plea or vacate the judgment renders this issue unpreserved for our review (*see People v Bethea, supra* at 814; *People v Sales,* 18 AD3d 962, 962 [2005]). Inasmuch as defendant did not make any statements during the plea proceeding which cast doubt upon his guilt, were inconsistent with his guilt or negated an essential element of the crime, the exception to the preservation rule does not apply (*see People v Bethea, supra* at 814; *People v Sales, supra* at 962; *People v Rogers, supra* at 682-683). In any event, defendant's claims are without merit. County Court thoroughly advised defendant of the rights he was giving up by pleading guilty and defendant acknowledged that he understood those rights and admitted to having committed the crime charged (*see People v Sales, supra* at 962; *People v Teague,* 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]). Finally, we will not consider defendant's challenge to the severity of his sentence in light of the valid waiver of his right to appeal (*see People v Bethea, supra* at 814; *People v Sales, supra* at 963; *People v Rogers, supra* at 683).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's challenges to the sentences imposed in Albany County are also rejected (*People v Nesbitt,* 23 AD3d 837 [2005] [decided herewith]; *People v Nesbitt,* 23 AD3d 838 [2005] [decided herewith]).