THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. SIMMONS, Appellant. [811 NYS2d 460]—

Spain, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered August 2, 2004, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.

Defendant was charged in an indictment with one count of course of sexual conduct against a child in the second degree in connection with his repeated sexual contact with a child under the age of 13. Following his successful motion to suppress certain admissions to police, defendant pleaded guilty to that charge with the understanding that he would be sentenced to four years in prison, followed by three years of postrelease supervision, and waived his right to appeal. County Court sentenced defendant as agreed and he now appeals.

Initially, defendant's claim that his guilty plea was not knowing, voluntary and intelligent, although not precluded by his appeal waiver, is not preserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Nesbitt*, 23 AD3d 836, 837 [2005]; *People v Santalucia*, 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856 [2005]). While a challenge to a plea as involuntary survives an appeal waiver, defendant does not actually make any claims that the plea was involuntary or misunderstood. Rather, defendant's claim amounts to no more than a generalized claim of "situational coercion," which we reject, as "[n]othing requires a defendant to seek a plea bargain and there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered" (*People v Seaberg*, 74 NY2d 1, 8-9 [1989]). Moreover, defendant's factual recitation did not negate any element of this crime or call into doubt his guilt or the voluntariness of his plea, so as to require further inquiry by County Court (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). We thus conclude that County Court's colloquy and acceptance of defendant's plea and appeal waiver were in all respects proper.

Additionally, defendant's challenges to the sufficiency of his plea allocution are unpreserved and also precluded by his valid waiver of appeal (*see People v Nesbitt, supra* at 837; *People v Tausinger*, 21 AD3d 1181, 1182 [2005]; *People v Bethea*, 19 AD3d 813, 814 [2005]). Moreover, defendant fails to identify any aspect of the plea which was even arguably deficient. Next, while a challenge to a jurisdictional defect in an indictment survives a

guilty plea and appeal waiver (*see People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Sayles*, 292 AD2d 641, 643 [2002], *lv denied* 98 NY2d 681 [2002]), defendant's challenge to the indictment raises no jurisdictional defects and we find none (*see People v Hansen, supra* at 231). Rather, defendant's challenge is to the adequacy of the evidence before the grand jury premised upon the victim's alleged subsequent recantation, and based upon the suppression of his oral statement to police. However, these arguments were not specifically raised in his omnibus motion or before the trial court, although known, and are foreclosed by his guilty plea (*see id.* at 233) and appeal waiver (*see People v Keebler*, 15 AD3d 724, 727 n 1 [2005], *lv denied* 4 NY3d 854 [2005]).

Finally, to the extent that defendant's allegations of ineffective assistance of counsel implicate the voluntariness of his plea, they survive the appeal waiver (*see People v Bethea, supra* at 814). However, the plea colloquy reflects that defendant acknowledged that he was entering a guilty plea because he was in fact guilty and that he understood that he was forgoing all trial rights, including those requiring the People to prove his guilt beyond a reasonable doubt and allowing defense counsel to cross-examine his accuser. Defendant expressly indicated his satisfaction with counsel's representation and the record does not support any claim of a denial of meaningful representation; instead it evinces a favorable plea bargain for a previously convicted sex abuser.

Cardona, P.J, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.