■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED ROYAL, Appellant. [821 NYS2d 305]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 18, 2005 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant was charged in a five-count indictment with various crimes stemming from his possession and sale of heroin. Following a pretrial suppression hearing, County Court (Herrick, J.) denied defendant's motion to suppress the drugs and drug paraphernalia that had been seized. Defendant thereafter pleaded guilty to attempted criminal possession of a controlled substance in the third degree. Prior to sentencing, defendant moved to withdraw his guilty plea and reopen the suppression hearing on the basis that he had been denied the effective assistance of counsel. As relevant here, defendant claimed that his plea was not knowingly and voluntarily entered because his attorney misinformed him regarding the possible term of incarceration that he faced. Supreme Court denied the motion and sentenced defendant to 3 to 9 years in prison. Defendant now appeals.

We affirm. Prior to pleading guilty, defendant indicated that he understood his rights, had fully discussed the case and potential defenses with his attorney, was satisfied with his attorney's representation and was entering his guilty plea freely and voluntarily (*see People v La Caille*, 26 AD3d 592, 593 [2006], *lv denied* 6 NY3d 835 [2006]; *People v Henning*, 2 AD3d 979, 980 [2003], *lv denied* 2 NY3d 740 [2004]). The record also reveals that defense counsel, who conferred with defendant immediately after Supreme Court detailed the agreed-upon sentence, obtained a very favorable plea bargain which significantly reduced defendant's prison exposure. Under these circumstances, we conclude that defendant was afforded meaningful representation and that his plea was knowing, intelligent and voluntary (*see People v Bolden*, 14 AD3d 934, 935 [2005], *lv denied* 4 NY3d 796 [2005]; *People v Thigpen*, 12 AD3d 934, 935 [2004]; *People v Stone*, 9 AD3d 498, 499 [2004], *lv denied* 3 NY3d 712 [2004]). Defendant's remaining arguments are precluded by his valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.