■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY McDUFFIE, Appellant. [840 NYS2d 253]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 2, 2004, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

Defendant, who had been stopped for vehicle and traffic violations, was discovered to be in possession of a "cane sword." He was indicted for criminal possession of a weapon in the third degree, a class D felony, as well as misdemeanor drug and vehicle and traffic charges. Defendant, who has a prior felony conviction, was first represented by the Public Defender's office and it secured a plea bargain offer of 2½ to 5 years in prison in exchange for defendant's plea to the class D felony in full satisfaction of the indictment. Defendant claimed irreconcilable dif-

ferences with the Public Defender's office and new counsel was assigned. A new plea bargain was reached pursuant to which defendant would plead guilty to the class E nonviolent felony of attempted criminal possession of a weapon in the third degree in exchange for a prison sentence within the range of 1½ to 3 years as a minimum and 2 to 4 years as a maximum.·

After a thorough colloquy which, among other things, included both defendant's acknowledgment that his attorney contemplated further motions but that by pleading guilty he waived these and that he was not coerced into pleading guilty, he entered a plea of guilty and executed a written waiver of appeal. Prior to sentencing, based on defendant's complaint that counsel was ineffective for failing to pursue his claim that he should have been permitted to testify before the grand jury and that counsel should have made certain suppression motions with respect to the traffic stop and the search of his vehicle, counsel was relieved and a third assigned counsel made a formal motion to allow defendant to withdraw his guilty plea. County Court denied the motion and sentenced defendant to 1½ to 3 years in prison. Defendant appeals, arguing that he was deprived of the effective assistance of counsel and that his right to make suppression motions survived his guilty plea and waiver.

A challenge to the effectiveness of counsel is precluded by a waiver of appeal except to the extent that it impacts on the voluntariness of the plea (see People v Bethea, 19 AD3d 813, 814 [2005]; People v Bolden, 14 AD3d 934, 935 [2005], lv denied 4 NY3d 796 [2005]). Defendant's appellate arguments concerning counsel's alleged failure to secure his right to testify before the grand jury and to make suppression motions do not impact on the issue of the voluntariness of his plea and were waived by the entry of his guilty plea. Moreover, the record could not be clearer that defendant voluntarily, knowingly and intelligently pleaded guilty (see People v Bolden, supra at 935).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.