■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN LEWIS, Appellant. [899 NYS2d 923]—Malone Jr., J. Appeal from a judgment of the County Court of Clinton County (Mc-Gill, J.), rendered June 17, 2008, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, was charged in an indictment with attempted aggravated assault on a peace officer and assault on a peace officer. He pleaded guilty to assault in the second degree in satisfaction of the indictment, waived his right to appeal and was sentenced as a second felony offender to five years in prison followed by five years of postrelease supervision. Defendant appeals.

We affirm. Defendant's sole assertion on appeal is that he was not afforded the effective assistance of counsel. To the extent that such a challenge impacts the voluntariness of defendant's plea, it survives the waiver of his right to appeal (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v Bolden*, 14 AD3d 934, 935 [2005], *lv denied* 4 NY3d 796 [2005]). Nevertheless, such issue is unpreserved for review inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction (*see People v Dixon*, 66 AD3d 1237, 1237-1238 [2009], *lv denied* 13 NY3d 906 [2009]; *People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]). Furthermore, any challenge involving matters outside the record are more properly the subject of a CPL article 440 motion (*see People v Brown*, 68 AD3d 1150, 1151 [2009]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]; *People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]).

Cardona, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.