Garry, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 2, 2011, which resentenced defendant following his conviction upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted criminal sale of a controlled substance in the third degree. Pursuant to the plea agreement, defendant waived his right to appeal and County Court agreed to sentence him to no more than five years in prison followed by three years of postrelease supervision, provided that he abide by the terms of his release to probation supervision pending sentencing. Defendant was ultimately sentenced to a prison term of five years followed by three years of postrelease supervision. Defendant appeals.
We affirm. Although defendant’s argument that his plea was not voluntary is not precluded by his waiver of appeal, the record does not reflect that defendant preserved this argument by making a motion to withdraw the plea or vacate the judgment *1065 of conviction (see People v Whitfield, 94 AD3d 1238, 1238 [2012]; People v Jeske, 55 AD3d 1057, 1058 [2008], lv denied 11 NY3d 898 [2008]). As nothing in the plea colloquy casts doubt upon defendant’s guilt, the narrow exception to the preservation requirement is not applicable (see People v Abrams, 75 AD3d 927, 928 [2010], lv denied 15 NY3d 918 [2010]; People v McKeney, 45 AD3d 974, 975 [2007]; People v Rogers, 15 AD3d 682, 682-683 [2005]). Finally, defendant’s claim that the sentence imposed was harsh and excessive is foreclosed by his valid waiver of appeal (see People v Stoff, 74 AD3d 1640, 1641 [2010], lv denied 15 NY3d 810 [2010]; People v Walley, 63 AD3d 1284, 1286 [2009]; People v Rogers, 15 AD3d at 683).
Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.