Rose, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 4, 2012, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to manslaughter in the first degree.* County Court denied defendant’s repeated applications, made both pro se and by new assigned counsel, to withdraw his plea. Defendant was thereafter sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of 22 years to be followed by postrelease supervision of five years. When defendant’s appeal was previously before this Court, we rejected an Anders brief, withheld decision and assigned new counsel to address issues of arguable merit in the record (114 AD3d 1088 [2014]).
We now affirm. Defendant asserts that his plea was not voluntarily entered, but a review of the plea colloquy shows that County Court ensured that defendant understood the rights he was relinquishing by pleading guilty, including the waiver of a potential justification defense, and was voluntarily doing so (see People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]; People v Royal, 32 AD3d 1081, 1082 [2006]). County Court also explained the intent requirement of manslaughter in the first degree to defendant (see Penal Law § 125.20 [1]), who admitted in no uncertain terms that he *1271 intended to cause serious physical injury to the victim (see People v King, 299 AD2d 661, 662 [2002], lv denied 99 NY2d 583 [2003]). We are accordingly satisfied that defendant entered a knowing, intelligent and voluntary guilty plea, and his motions to withdraw it were properly denied (see People v Galvan, 107 AD3d 1058, 1058-1059 [2013], lv denied 21 NY3d 1042 [2013]; People v Royal, 32 AD3d at 1082). The record also establishes that defense counsel discussed the potential justification defense with defendant, engaged in discovery and secured a favorable plea bargain. As such, we find that defendant received meaningful representation (see People v Galvan, 107 AD3d at 1059).
Defendant’s challenge to the sentence as harsh and excessive has been examined and found to be lacking in merit.
Peters, P.J, Garry and Devine, JJ, concur. Ordered that the judgment is affirmed.

 The plea agreement contemplated that defendant would waive his right to appeal, but he ultimately declined to do so.