■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT HARDEN, Appellant. [663 NYS2d 394] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 26, 1996, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded

guilty to attempted criminal sale of a controlled substance in the third degree. As part of the plea bargain, County Court agreed to sentence defendant to a prison term of 3½ to 7 years provided that, between the date of the plea proceedings and the date of sentencing, defendant was not arrested and did not commit any additional crimes. Defendant was remanded to the custody of Ulster County Jail until sentencing. While in jail, defendant was involved in a physical altercation with correction officers from the Ulster County Sheriff's Department leading to his arrest for assault in the second degree. As a result of this arrest, County Court refused to abide by the terms of the original plea agreement and instead sentenced him as a second felony offender to 5 to 10 years in prison. Defendant appeals.

Defendant contends that he did not violate the terms of the original plea agreement as there was insufficient evidence to establish that he committed the crime of assault in the second degree. Consequently, he argues that County Court should have sentenced him as originally promised to 3½ to 7 years in prison. We disagree. The no-arrest condition made a part of the plea bargain was valid and enforceable (*see, People v Outley*, 80 NY2d 702, 712-713). Faced with information that defendant had been arrested while in jail, it was incumbent upon County Court to conduct an inquiry to determine if there was "a legitimate basis for the arrest" (*id.*, at 713).

County Court complied with this requirement by conducting a hearing to ascertain the facts surrounding defendant's arrest. Brian Demorest, one of the officers involved in the altercation, testified at the hearing. He stated that while defendant was with a visitor, he instructed defendant to keep his hands to his side and that, after the visitor left, defendant became verbally abusive and started making physical threats toward him. Defendant then approached Demorest with his fists above his waist and Demorest pushed defendant away. Defendant re-approached Demorest and Demorest pushed him away again. Then, another officer attempted to restrain defendant by holding him on the floor. When defendant broke away, Demorest felt threatened and struck defendant in the face. Demorest and the other officer attempted again to restrain defendant. During the struggle, defendant struck Demorest in the face. Defendant was finally subdued when additional officers came to assist in restraining him. Demorest suffered minor injuries as a result of the incident. In our view, the evidence adduced at the hearing demonstrated a legitimate basis for defendant's arrest for the crime of assault in the second degree. Consequently, we find no basis for disturbing the sentence imposed.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.