■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN DILONE, Appellant. [690 NYS2d 296] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 27, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

The record indicates that defendant arranged, while incarcerated, to sell a quantity of heroin to an undercover agent through a surrogate. Defendant thereafter pleaded guilty to the crime of criminal sale of a controlled substance in the fifth degree in satisfaction of a two-count superior court information. In accepting the plea, County Court made no commitment as to the sentence to be imposed. The court ultimately sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years, to be served consecutively to the sentence he was currently serving. Defendant's sole argument on appeal is that this sentence was harsh and excessive because, *inter alia*, the District Attorney recommended a lesser sentence.

Notably, where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685). Here, although defendant received the harshest permissible sentence, we find no abuse of discretion by County Court. Furthermore, upon review of the record, which reflects that defendant has four prior drug-related convictions, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.