■ The People of the State of New York, Respondent, v Benjamin A. Morton, Appellant. [713 NYS2d 781] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 26, 1999, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.

In satisfaction of a superior court information alleging that defendant had endangered the life of a police officer, defendant pleaded guilty to reckless endangerment in the first degree

with the understanding that he would be sentenced to five years' probation. Prior to accepting defendant's plea, County Court admonished defendant that if he were arrested prior to sentencing the court would not be bound by the plea bargain and could impose a sentence of up to seven years. Thereafter, when defendant appeared for sentencing, the court was advised that defendant had been arrested again for endangering the life of a police officer. Consequently, County Court sentenced defendant to a prison term of 2 to 6 years. Defendant now appeals.

We reject defendant's assertion that County Court erred in failing to inquire as to whether he wished to withdraw his plea prior to imposing the enhanced sentence. County Court clearly advised defendant that the sentencing commitment was conditional and that if defendant were to breach the no-arrest condition, the conviction would "stand" and the court could impose a harsher sentence. Regarding defendant's assertion of innocence to the new charge, we find no due process violation inasmuch as it was determined at a preliminary hearing that there was reasonable cause to believe that defendant engaged in the acts giving rise to such charge and there was, therefore, a legitimate basis for the arrest. Accordingly, the no-arrest condition was valid and enforceable and we find no reason to disturb the enhanced sentence imposed by County Court (see, People v Outley, 80 NY2d 702; People v Harden, 243 AD2d 927, 928).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.