■ The People of the State of New York, Respondent, v Richard D. Curtis, Appellant. [717 NYS2d 432] —Rose, J. Appeal from a judgment of the County Court of Madison County (Di Stefano, J.), rendered May 4, 1999, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

In satisfaction of two multicount indictments, defendant pleaded guilty to one count of aggravated unlicensed operation of a motor vehicle in the first degree and two counts of driving while intoxicated in exchange for three concurrent sentences of 1 to 3 years in prison. As part of the plea bargain, County Court informed defendant that if he was arrested for any crime prior to sentencing, he would not be permitted to withdraw his plea and the court would not be bound by the agreed-upon sentence. Two days before the scheduled sentencing, defendant was arrested for possession of an open container of alcohol in a motor vehicle and resisting arrest. Thereafter, County Court adjourned sentencing and held a hearing to determine whether there was a legitimate basis for the arrest. Following the hearing, County Court concluded that defendant had breached the terms of his negotiated plea agreement, refused to impose the agreed-upon terms of imprisonment, and sentenced him to three concurrent prison terms of 2 to 6 years.

Defendant appeals, contending that there was no legitimate basis to arrest him on the open container charge and that the charge of resisting arrest cannot stand in the absence of a

predicate authorized arrest. Consequently, he argues that County Court should have sentenced him as originally agreed. We disagree.

"When an issue is raised concerning the validity of [a] post-plea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" (*People v Outley*, 80 NY2d 702, 713). However, the court need not be satisfied that the defendant is guilty of the new criminal charge. Rather, "the existence of a legitimate basis for the arrest" supports deviation from the promised sentence (*id.*, at 713).

At the hearing conducted here, the arresting police officer testified that he observed an automobile traveling at an estimated speed of 70 miles per hour in a 40 mile-per-hour zone, and that while attempting to evade him, the car turned into a parking lot and stopped after hitting an embankment. As the officer approached the car, he observed the driver and defendant exit the car and run away, and then noticed several cans of beer in the vehicle, including two open cans in its center console. After a chase, defendant was apprehended and placed under arrest. While being handcuffed, defendant tried to pull away and wounded the officer's hand. Defendant denied that he or the driver drank out of the open cans of beer while they were in the car and testified that he did not physically resist arrest or struggle with the officer. In our view, the hearing evidence provided a legitimate basis for defendant's arrest, particularly since County Court had the opportunity to observe the demeanor of defendant and the arresting officer in determining their credibility (*see, People v Hunter*, 270 AD2d 712, 713). Consequently, there is "no basis for disturbing the sentence imposed" (*People v Harden*, 243 AD2d 927, 928). Defendant's alternate contention, that his arrest did not violate the terms of his plea bargain because only arrests for any subsequent "crimes" were forbidden and the open container charge was only a violation, is also unavailing. Assuming, without deciding, that the arrest for the violation was insufficient, County Court's determination still finds support in his arrest for the crime of resisting arrest.

Finally, we have reviewed defendant's remaining argument and find it to be both unpreserved and without merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.