■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON ESPINO, Appellant. [732 NYS2d 918] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 24, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to the terms of a plea bargain agreement, defendant entered a plea of guilty to the crime of criminal sale of a controlled substance in the third degree in exchange for an agreed-upon prison term of 3 to 9 years. At the plea hearing, County Court ordered defendant released on bail but advised him that his failure to appear for sentencing would void the plea agreement, thereby exposing him to a possible enhanced sentence of up to $8^{1}/_{3}$ to 25 years in prison. When defendant failed to appear at the scheduled sentencing hearing, a bench warrant was issued which led to his arrest several months later. Upon defendant's return, County Court sentenced him to a prison term of 5 to 15 years. Defendant's appeal was held in abeyance and new counsel assigned after this Court determined that there were nonfrivolous appealable issues to be raised (279 AD2d 798).

Defendant now appeals solely contending that the enhanced sentence was harsh and excessive and should be reduced in the interest of justice, given that this conviction is his first offense. While we are mindful that defendant has no prior criminal history, he stands convicted of a serious crime and has committed the additional crime of bail jumping despite County Court's warning that his failure to appear for sentencing could result

in an enhanced sentence. Under these circumstances and given that the sentence ultimately imposed was measurably shorter than the maximum allowable under the law (see, Penal Law § 70.00 [2] [b]; [3] [b]), we conclude that the sentence was appropriate and we decline to disturb it in the interest of justice (see, *People v Morton*, 275 AD2d 865, 866; *People v Coleman*, 270 AD2d 713, 714).

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.