■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY B. DOUGLAS, Appellant. [770 NYS2d 147]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 15, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree. As part of the plea agreement, defendant was to be adjudicated a youthful offender and sentenced to 105 days in jail and five years' probation. Defendant was released into his own custody pending sentencing. County Court warned him, however, that if he was charged with other crimes before sentencing, he could be sentenced to as much as 5 to 15 years in prison.

While awaiting sentencing, defendant was arrested and charged with criminal sale of a controlled substance in the third degree. Following a hearing at which police officers testified concerning the circumstances of defendant's arrest, County Court found that enhancement of defendant's sentence on the attempted criminal possession conviction was warranted. County Court then imposed a sentence of 3 to 9 years in prison. Thereafter, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree in satisfaction of the superior court information and was sentenced to a prison term of 1 to 3 years to run concurrently with the sentence imposed upon the attempted criminal possession conviction.

Defendant initially contends that County Court abused its discretion in finding that there was a legitimate basis for his arrest on the criminal sale charge which warranted the enhancement of his sentence on the attempted criminal possession conviction. We disagree. The undercover police officer who alleg-

edly purchased cocaine from defendant testified that two females led him to defendant after the officer provided them with $20 in marked money to purchase cocaine. The officer stated that when the women found defendant, they huddled with him and then one of them handed the officer what appeared to be cocaine. The officer left the scene and conducted a field test which confirmed that the substance was cocaine. He then radioed other officers who detained defendant and the two women. A search of defendant revealed the $20 in buy money, along with a small amount of marihuana. We conclude that the foregoing provided a legitimate basis for defendant's arrest on the charge of criminal sale of a controlled substance in the third degree (*see People v Outley*, 80 NY2d 702, 712-713 [1993], *cert denied* 519 US 964 [1996]). Therefore, County Court's enhancement of defendant's sentence was entirely appropriate.

Furthermore, we find no merit to defendant's claim that the enhanced sentence was harsh and excessive. Defendant was fully informed during the plea proceedings that his failure to abide by the no-arrest condition would subject him to a greater sentence. In view of defendant's disregard of this condition, coupled with the fact that the enhanced sentence was less than the statutory maximum, we find no extraordinary circumstances justifying a reduction of the sentence in the interest of justice (*see People v Espino*, 288 AD2d 688, 688-689 [2001]).

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.