■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD M. KING, JR., Appellant. [798 NYS2d 213]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 24, 2003, convicting defendant upon his plea of guilty of the crime of robbery in the third degree, and (2) from a judgment of said court, rendered July 24, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

While on probation for a 2001 burglary conviction, defendant allegedly violated the terms of his probation by, among other things, getting arrested for robbery in the first degree. He appeared before County Court and was advised that a probation violation petition had been filed based upon three criminal charges against him and he was informed of his right to counsel and a hearing. A hearing was subsequently conducted, after which County Court found that defendant had violated the terms of his probation. Prior to sentencing on the probation violation, defendant negotiated a deal as to the several pending criminal charges against him and the probation violation whereby he would plead guilty to robbery in the third degree in satisfaction of all pending criminal charges, and would be sentenced to concurrent prison terms of 2 to 6 years for his probation violation and 2 to 4 years for the robbery conviction. Thereafter, defendant pleaded guilty to robbery in the third degree and waived his right to appeal. At sentencing, he moved to withdraw his guilty plea and to vacate the probation violation

judgment. The motions were denied and he was sentenced in accordance with the terms of the plea agreement. Defendant appeals.

We affirm. There is no merit to defendant's contention that his plea of guilty to the robbery charge was involuntary and, thus, that he should have been permitted to withdraw the plea. During the plea colloquy, County Court informed defendant of the rights being given up and the ramifications of entering a guilty plea. Defendant acknowledged that he understood the rights he was relinquishing, that he had not been coerced, and that he had conferred with his attorney. He admitted engaging in the alleged criminal conduct. Under such circumstances, County Court properly denied defendant's motion to withdraw his plea (*see People v Lahon*, 17 AD3d 778, 779 [2005]; *People v Fulford*, 296 AD2d 661, 662 [2002]).

Review of the record reveals that defendant's counsel, who negotiated a favorable comprehensive plea bargain, was not, as alleged, ineffective, but provided defendant with meaningful representation (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Babcock*, 304 AD2d 912, 912 [2003]). The assertion that the sentence was harsh and excessive is precluded by defendant's waiver of the right to appeal (*see People v Teague*, 295 AD2d 813, 815 [2002], *lv denied* 98 NY2d 772 [2002]) and, in any event, is meritless in light of defendant's extensive criminal record and his potential exposure to a much longer period of incarceration (*see People v Douglas*, 238 AD2d 632, 632 [1997], *lv denied* 90 NY2d 857 [1997]). Defendant's remaining arguments, including his claim that his due process and statutory rights under CPL 410.70 (2) were violated, have been considered and found unpersuasive or unpreserved (*see People v Oskroba*, 305 NY 113, 117-118 [1953]; *People v McClain*, 281 AD2d 959, 959 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Minard*, 161 AD2d 607, 607-608 [1990], *lv denied* 76 NY2d 861 [1990]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed.