■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE G. MAJOR, JR., Appellant. [798 NYS2d 589]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 10, 2003, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts), criminal use of a firearm in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

Defendant pleaded guilty to an entire 10-count indictment based on his participation in an armed robbery, with a promise that County Court would not impose a sentence in excess of 11 years in prison and five years of postrelease supervision. The court sentenced him to an aggregate prison term of 10 years with four years of postrelease supervision, prompting this appeal.

We reject defendant's contention that County Court impermissibly punished him without a hearing for his failure to appear in court on the scheduled sentencing date. The court specifically

stated that although it believed that defendant had violated the plea agreement by failing to appear, it was not enhancing defendant's sentence on that basis but was imposing the sentence it had planned to impose on the original sentencing date. Thus, no hearing was necessary (*compare People v Outley*, 80 NY2d 702 [1993], *cert denied* 519 US 964 [1996]). Additionally, as the imposed sentence was well below the statutory maximum for class B violent felonies and below the possible 11 years under the court's promise, and in light of the violent nature of the crime, we find no abuse of the sentencing court's discretion nor any circumstances warranting a reduction in the interest of justice (*see People v Douglas*, 2 AD3d 1050, 1051 [2003], *lv denied* 2 NY3d 761 [2004]).

Mercure, J.P., Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.