■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA J. NESBITT, Appellant. [805 NYS2d 138]—Mercure, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 29, 2003, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Pursuant to a plea agreement, defendant waived indictment,

---

waived his right to appeal and pleaded guilty to a superior court information charging him with burglary in the third degree. County Court indicated that defendant would be sentenced to six months incarceration and five years probation, conditioned upon defendant not engaging in any criminal conduct between the date of the plea proceeding and the date of sentencing. Defendant was, however, subsequently charged by indictment with crimes occurring during the relevant period.* Defendant was offered a plea agreement which provided that, upon his plea of guilty to burglary in the second degree in satisfaction of the new charges, he would receive a sentence of 1⅓ to 4 years in prison on the instant conviction and a consecutive sentence of five years in prison on the new charges. Defendant ultimately did not accept the offer and it was withdrawn. Upon defendant's admission that he had violated the plea agreement, County Court sentenced him to a term of imprisonment of 2 to 6 years. Defendant appeals.

County Court conducted a very thorough plea proceeding, ensuring that defendant was aware of and understood the terms and conditions of the plea agreement as well as each of the rights he was relinquishing by pleading guilty. Defendant's knowing, voluntary and intelligent guilty plea and waiver of his right to appeal preclude review of his challenge to the severity of the sentence imposed (*see People v King*, 20 AD3d 580, 581 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Rogers*, 15 AD3d 682, 683 [2005]). In any event, given defendant's knowing violation of the plea agreement and his extensive criminal history, we cannot conclude that the sentence imposed by the court was an abuse of discretion (*see People v King, supra* at 581; *People v Douglas*, 2 AD3d 1050, 1051 [2003], *lv denied* 2 NY3d 761 [2004]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's challenges to the sentence imposed upon his plea of guilty entered in connection with those crimes and to a sentence imposed in Saratoga County to run concurrently with the sentences imposed in Albany County are also rejected (*People v Nesbitt*, 23 AD3d 836 [2005] [decided herewith]; *People v Nesbitt*, 23 AD3d 838 [2005] [decided herewith]).