■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA J. NESBITT, Appellant. [805 NYS2d 136]—

Mercure, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 30, 2003, convicting

---

defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant participated in a series of burglaries during which he and three others stole property from residences in and around Albany County. In April 2003, defendant pleaded guilty to attempted burglary in the second degree in full satisfaction of a four-count indictment pending against him in Albany County. Pursuant to the plea agreement, County Court sentenced defendant to four years in prison and ordered payment of restitution. Defendant appeals.*

Defendant's valid waiver of his right to appeal precludes review of his claims that he was denied the effective assistance of counsel and that County Court's failure to impose a concurrent sentence was unduly severe inasmuch as these claims do not implicate the voluntariness of his plea (*see People v King*, 20 AD3d 580, 581 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Daniels*, 16 AD3d 780, 780 [2005]). Moreover, defendant's claims in this regard are without merit. Defendant complains only that counsel did not convince County Court to impose his sentence concurrent to his previously imposed sentence. This alleged error alone does not render the representation meaningless when viewed in its entirety (*see People v Howard*, 1 AD3d 718, 719 [2003]; *People v Charles*, 258 AD2d 740, 740 [1999], *lv denied* 93 NY2d 968 [1999]). Given his extensive criminal history, we cannot say that the sentence imposed was either harsh or excessive (*see People v Nesbitt*, 23 AD3d 837 [2005] [decided herewith]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's challenges to his two convictions of unrelated crimes upon his guilty pleas are also rejected (*People v Nesbitt*, 23 AD3d 836 [2005] [decided herewith]; *People v Nesbitt*, 23 AD3d 837 [2005] [decided herewith]).