■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE DANIEL JENKINS, Appellant. [838 NYS2d 195]— Mercure, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered June 15, 2006, which resentenced defendant following his conviction of the crime of attempted criminal possession of a controlled substance in the fourth degree.

When this case was previously before us, we vacated defendant's sentence and remitted the matter to County Court for resentencing with the instruction that the court must conduct an inquiry regarding whether there was a legitimate basis for defendant's postplea arrests before it could impose a sentence greater than that contemplated by the plea agreement (29 AD3d 1177, 1178 [2006]). Upon remittal, the court held a hearing, after which it concluded that there was, indeed, a legitimate basis for two of defendant's arrests. As such, the court imposed an enhanced sentence of 4½ years in prison followed by two years of postrelease supervision. Defendant appeals and we now affirm.

County Court conducted a hearing relative to defendant's postplea arrests wherein testimony was given by an alleged victim in one of the matters and an eyewitness in the other matter regarding circumstances underlying the arrests. Defendant was afforded the opportunity to cross-examine the witnesses and make any statements that he deemed pertinent. Having reviewed the hearing transcript, we are satisfied that County Court complied with the mandates set forth in both *People v Outley* (80 NY2d 702 [1993]) and our prior decision (29 AD3d 1177 [2006], *supra*), and properly determined that there was a legitimate basis for the arrests. Accordingly, defendant's enhanced resentence will not be disturbed.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.