■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DAVIS, Appellant. [878 NYS2d 539]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 22, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), defendant contends that Supreme Court erred in denying his request for a hearing to determine the validity of his post-plea arrest (*see People v Outley*, 80 NY2d 702 [1993]). We agree. The record establishes that the court informed defendant during the plea proceeding that, in the event that he was arrested between the time of the plea and sentencing, he could be sentenced to a term of incarceration of up to one year. At the sentencing hearing, the prosecutor indicated that defendant had in fact been "rearrested" and that the case was pending in City Court. Defense counsel stated that he did not have the "lab report" or the "accusatory documents upon which [defendant] was arrested" and that the court was obligated to afford defendant the opportunity to controvert the legality or reasonableness of the arrest.

We conclude that the court erred in imposing an enhanced sentence without conducting an *Outley* hearing. Where, as here, "an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" (*Outley*, 80 NY2d at 713). The mere fact that defendant was arrested, without more, is insufficient to justify an enhanced sentence based on a post-plea arrest (*id.*). Here, the court failed to conduct the requisite inquiry pursuant to *Outley*. We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing following an *Outley* hearing. If the court determines following the *Outley* hearing that the arrest lacked a legitimate basis, the court must impose a sentence of probation in accordance with the terms of the plea agreement or afford defendant the opportunity to withdraw his plea of guilty. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.