■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD C. CLAPPER, Appellant. [929 NYS2d 645]—

Defendant waived indictment and pleaded guilty to two counts of criminal sale of a controlled substance in the fifth degree as charged in a superior court information. Under the terms of the plea agreement, defendant was to be sentenced to time served on one of the counts and five years of probation on the other. County Court, however, warned defendant that if he was arrested between the time of the plea and sentencing, it would not be bound by the agreement and could sentence him to up to four years on each count, to run consecutively. Defendant was arrested for petit larceny prior to sentencing and admitted that there was a reasonable basis for his arrest at a subsequent hearing. Consequently, County Court sentenced him to consecutive terms of imprisonment of three years on each count, to be followed by two years of postrelease supervision. Defendant appeals.

Defendant urges this Court to modify his sentence in the interest of justice. We decline to do so in view of the circumstances. It is undisputed that defendant failed to comply with the terms of the plea agreement by getting arrested for petit larceny prior to sentencing. County Court conducted an appropriate inquiry and determined that there was a reasonable basis for defendant's arrest (*see People v Outley*, 80 NY2d 702, 713 [1993]; *People v Jenkins*, 40 AD3d 1308 [2007], *lv denied* 9 NY3d 991 [2007]; *compare People v Davis*, 62 AD3d 1266, 1267 [2009]). Consequently, County Court was not obligated to adhere to the original sentence. Contrary to defendant's claim, the record discloses that County Court based the new sentence on defendant's postplea arrest, not his misdeeds while a confidential informant. In view of defendant's considerable criminal record and status as a second felony offender, we find no extraordi-

nary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see generally People v Rose*, 79 AD3d 1365, 1367 [2010]; *People v Dilone*, 261 AD2d 650 [1999], *lv denied* 93 NY2d 969 [1999]).

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.